**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PAUL APPIAH,<br><br>        Petitioner,<br><br>v.<br><br>UNITED STATES CUSTOMS<br>AND IMMIGRATION SERVICE,<br><br>        Respondent. | Civil No. 11-317 (CCC)<br><br>O P I N I O N |

**APPEARANCES:**

Paul Appiah, Plaintiff pro se
525 N. 36th Street
Pennsauken, NJ 08110

**Cecchi**, District Judge

This matter comes before the Court on Petitioner's Application to Appoint Pro Bono Counsel in the above-referenced case (Docket Entry No. 7.) The Court has reviewed Petitioner's submission and decided the motion without oral argument pursuant to Federal Rule of Civil Procedure 78. For the following reasons, the Court will deny the motion for counsel without prejudice.

**I.   BACKGROUND**

Petitioner submitted a petition for a writ of mandamus pursuant to 28 U.S.C. § 1361 to compel U.S. Immigration and Customs Enforcement ("ICE") to issue his permanent resident card. Petitioner asks for counsel in this case because he "lacks the legal expertise to prosecute this matter. [His] education is very

limited in the law of the land. Also [he is] currently detained by the Department of Homeland Security for the past one [sic] year and have no source of income to hire legal help." (Appl. at ¶ 3.) Subsequent to Petitioner's filing of his application, he was released by ICE pending his removal. (Letter from Def., Ex. 1, Docket Entry No. 13-1.) Respondents have not yet responded to the petition.

## II. DISCUSSION

Appointment of counsel under 28 U.S.C. § 1915(e)(1) may be made by the Court *sua sponte* at any point in the litigation. See Tabron v. Grace, 6 F.3d 147, 156 (3d Cir. 1993). A plaintiff has no right to counsel in a civil case. See id. at 153-54; Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997).

In evaluating a motion to appoint counsel, the court must first examine the merits of Plaintiff's claim to determine if it has "some arguable merit in fact and law." See Tunnell v. Gardell, No. 01-115, 2003 WL 1463394, at *1 (D. Del. Mar. 14, 2003)(citing Parham, 126 F.3d at 457)(other citations omitted). If the court is satisfied that the claim is "factually and legally meritorious," then it will examine the following factors: (1) a plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of a plaintiff to pursue such investigation; (4) the amount a case is likely to turn on

credibility determinations; (5) whether the case will require the testimony of expert witnesses; and (6) whether a plaintiff can attain and afford counsel on his or her own behalf. See id. (citing Parham, 126 F.3d at 457-58; Tabron, 6 F.3d at 155-56, 157 n.5).

However, a court should also consider other factors, such as the lack of funding to pay appointed counsel, the limited supply of competent lawyers willing to do pro bono work, and the value of lawyers' time. See Tabron, 6 F.3d at 157-58.

In the instant case, Respondents have not yet responded to the petition. Thus, whether or not the Petitioner's claims have merit, the factual and legal issues "have not been tested or developed by the general course of litigation, making [a number of factors] of Parham's test particularly difficult to evaluate." Bell v. Kuebler, No. 11-0291, 2011 WL 487187, at *1 (D.N.J. Feb. 3, 2011) (quoting Chatterjee v. Philadelphia Federation of Teachers, No. 99-4122, 2000 WL 1022979, at *1 (E.D. Pa. July 18, 2000)(stating that unlike Parham, which concerned a directed verdict ruling, and Tabron, which involved summary judgment adjudication, plaintiff's claims asserted in complaint and motions "have barely been articulated" and have distinctive procedural posture)).

With regard to the Tabron/Parham factors, Petitioner has not demonstrated at this stage of proceedings, the complexity of legal issues, the degree to which factual investigation will be

3

necessary, or that he will be in need of expert witnesses. Petitioner has presented to this Court without the assistance of counsel a coherent petition for writ of mandamus, with relevant documentation attached, and the instant motion for appointment of counsel.

The Court recognizes that issues may arise in the course of this litigation which may raise a question as to Petitioner's need for counsel. In that case, the Court will consider a renewed motion for appointment of counsel. At this point in the litigation, however, the Petitioner's motion for appointment of counsel will be denied, without prejudice.

### III.  CONCLUSION

For the foregoing reasons, Petitioner's request for appointment of pro bono counsel will be denied, without prejudice to Petitioner renewing the motion, if necessary, as the case proceeds. An appropriate Order accompanies this Opinion.

Dated: January 9, 2012

CLAIRE C. CECCHI
United States District Court