NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

PAUL APPIAH, :
:
        Petitioner, :  Civil No. 11-317 (CCC)
:
    v. :  **OPINION**
:
:
UNITED STATES CUSTOMS AND :
IMMIGRATION SERVICE, :
:
        Respondent. :

APPEARANCES:

**PAUL APPIAH**, Plaintiff pro se
J-2010-18762
Essex County Correctional Facility
354 Doremus Avenue
Newark, N.J. 07105

**SHEREASE ROSALYN PRATT**, Counsel for Defendant
U.S. Department of Justice
P.O. Box 868
Ben Franklin Station
Washington, D.C. 20044

**CECCHI**, District Judge

    This matter comes before the Court upon the motion to dismiss filed by Defendant United States Customs and Immigration Service ("USCIS") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Docket Entry No. 21.) Plaintiff did not file any opposition to the motion. The Court has decided the motion without oral argument pursuant to Federal Rule of Civil

Procedure 78. For the following reasons, the Court will grant Defendant's motion.

## I. BACKGROUND

Plaintiff Paul Appiah ("Plaintiff") is a native and citizen of Ghana. (Def.'s Br., Decl. of Nieves Cardinale ¶ 2.) In 2000, Plaintiff married Zarina M. Carstarphen, a United States Citizen. (Compl. ¶ 4(b).) Ms. Carstarphen subsequently filed a Form I-130, Immigrant Petition for Alien Relative, on behalf of Mr. Appiah, which USCIS approved on January 16, 2002. On or about March 11, 2003, Plaintiff filed a Form I-485, Application to Register Permanent Resident or Adjust Status. (Cardinale Decl. ¶ 4.) After USCIS was unable to locate Plaintiff at his last known address, the Form I-485 automatically terminated, effective June 1, 2005. (Id.) On or about March 7, 2006, Plaintiff filed a second Form I-485. (Id. at ¶ 5.) USCIS denied this application on November 6, 2006, for insufficient documentation. (Id.) On or about December 8, 2008, Plaintiff filed a third Form I-485. (Id. at ¶ 6.) USCIS denied this application on May 29, 2009, for failure to submit the requested documentation in support of his application. Id. On or about August 7, 2009, Plaintiff and Ms. Carstarphen's attorney submitted a letter to USCIS, stating that he was writing to "withdraw my client's petition with regards to a pending I-485. My client does not wish to continue any further

with the application for Adjustment of Status." (Id. ¶ 7, Ex. D.)

On June 8, 2010, Plaintiff was arrested and issued a Form I-862, Notice to Appear ("NTA"), placing him into removal proceedings. (Id. at ¶ 8; Ex. E.) The NTA charged Plaintiff with being inadmissible under 8 U.S.C. § 1182(a)(2)(A)(i)(I)5 and (a)(6)(A)(I). (Id.) After a hearing before an immigration judge ("IJ") on November 17, 2010, Plaintiff was found removable as charged and ordered removed to Ghana. (Id. at ¶ 9; Ex. F, Order.) Plaintiff waived his right to appeal the IJ's decision. (Id. at ¶ 9.) Thereafter, on or about January 5, 2011, Plaintiff filed a Form N-400, Application for Naturalization. (Id. at ¶ 10.) On January 19, 2011, Plaintiff filed the instant action, pursuant to 42 U.S.C. § 1983. (Compl. ¶ 1a.) On December 28, 2011, USCIS denied Plaintiff's Form N-400 because he has not been lawfully admitted as a permanent resident. (Cardinale Decl. at ¶ 10.)

In his complaint, Plaintiff alleges that since marrying his citizen wife in 2000, he has petitioned the United State Customs and Immigration Service a total of four times. He alleges that it has been a "back and forth phone tag" with USCIS officials since he attended his approval interview in 2004. He states that the USCIS has failed to issue his permanent resident card after approval and has continued to accept his filing fees. Plaintiff

3

requests that this Court "review and order United States Customs and Immigration Service to relinguish [sic] petitioners [sic] permanent resident card that have [sic] approved. In the instant satifaction [sic] of provided proof see attached approval notices."

## II. DISCUSSION

Defendant argues that the complaint should be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) for failure to state a claim.

### A. Legal Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction may be brought at any time and may either (1) "attack the complaint on its face" or (2) "attack the existence of subject matter jurisdiction in fact, quite apart from any pleadings." Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). In a facial attack, all allegations in the complaint are considered true; whereas in the second type of attack, the court does not presume the truth of the allegations and "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." Id. In such a case, "the court can consider affidavits attached to the moving papers or even require such affidavits to be submitted." New Hope Books, Inc. v. Farmer, 82 F.Supp.2d 321, 324 (D.N.J. Jan. 13,

2000) (citing <u>Growth Horizons, Inc. v. Delaware County, Pennsylvania</u>, 983 F.2d 1277, 1281 n. 4 (3d Cir. 1993)). Furthermore, the plaintiff has the burden of proving that the court has subject matter jurisdiction. <u>Mortensen</u>, 549 F.2d at 891.  If a court lacks subject matter jurisdiction, it must dismiss the case without prejudice.  <u>In re Orthopedic "Bone Screw" Prod. Liab. Litig.</u>, 132 F.3d 152, 155-56 (3d Cir. 1997).

**B. Analysis**

Based on the information contained in the complaint, it appears that Plaintiff is alleging that Defendant has failed to issue him his legal permanent resident card, to which Plaintiff states he is entitled.  However, it is clear from the submissions that Plaintiff's prior applications to become a legal permanent resident (Form I-485) have all been denied.  (<u>See</u> Def's Br., Exs. A-C.)  Further, in 2009, Plaintiff's attorney sent a letter to the Department of Homeland Security expressly asking to withdraw Plaintiff's pending I-485.  (<u>Id.</u> at Ex. D.)  Plaintiff did not respond to the instant motion to dismiss or provide this Court with any evidence that he has a pending application for legal permanent residency.

Federal courts are not empowered to decide moot issues.  <u>See</u> U.S. Const. art. III, § 2, cl. 1.; <u>Doe v. Delie</u>, 257 F.3d 309, 313 (3d Cir. 2001) (citing <u>North Carolina v. Rice</u>, 404 U.S. 244, 246 (1971)).  To avoid mootness, a controversy must exist at all

stages of review. Id. (citing New Jersey Turnpike Auth. V. Jersey Central Power & Light, 772 F.2d 25, 31 (3d Cir. 1985)). "Mootness has two aspects: (1) the issues presented are no longer 'live' or (2) the parties lack a cognizable interest in the outcome." Id. (quoting New Jersey Turnpike Auth., 772 F.2d at 31).

Since there are no pending applications to become a legal permanent resident and all of Plaintiff's previous applications have been denied, it appears that Plaintiff's request that this Court order USCIS to relinquish the legal permanent resident card that has been approved, is moot because the Court "cannot grant any effectual relief whatever" in favor of Plaintiff. Calderon v. Moore, 518 U.S. 149, 150, 116 S.Ct. 2066, 135 L.Ed.2d 453 (1996) (per curiam) (quoting Mills v. Green, 159 U.S. 651, 16 S.Ct. 132, 40 L.Ed. 293 (1895)).

To the extent Plaintiff is challenging his final order of removal, this Court lacks jurisdiction over said claim. See REAL ID Act, 8 U.S.C. § 1252(a)(5) (stating "Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision ... a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act,....");

6

Bonhometre v. Gonzales, 414 F.3d 442, 446 n.4 (3d Cir. 2005); Calderon v. Holder, No. 10-3398 (FSH), 2010 WL 3522092, at *2 (D.N.J. August 31, 2010)("Therefore, Petitioner's challenges to his removal (and his request for stay of removal) will be dismissed for lack of jurisdiction, pursuant to the REAL ID Act").

### III. CONCLUSION

For the reasons set forth above, Defendant's motion is granted and the complaint will be dismissed for lack of subject matter jurisdiction.[1]  An appropriate order follows.


DATED: September 25, 2012

_____
CLAIRE C. CECCHI
United States District Judge

---

[1] The Court notes that this case is also subject to dismissal for non-compliance with L.Civ.R. 10.1(a), as Plaintiff failed to notify this Court of his change of address which he was required to do within seven days of such a change.  See Docket Entry Nos. 17 & 19 (noting mail returned as "Undeliverable").